IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> DAY C SOUL MECHANICAL INC., <br><br> Defendant. | Civil Action No. 8:24-2936-AAQ |

******

### MEMORANDUM OPINION AND ORDER

This is a case concerning a business's failure to properly pay the premiums it owed under several insurance policies. Plaintiffs, insurance carriers, bring this suit against a former policy holder, Day C Soul Mechanical Inc., seeking to recover unpaid premiums. Plaintiffs now move for Default Judgment. ECF No. 17. They sufficiently allege liability for breach of contract and account stated, but do not for unjust enrichment. For the reasons explained below, the Court shall grant the Motion, in part, and deny the Motion, in part.

### BACKGROUND

Plaintiffs are four insurance companies: Hartford, Property and Casualty Insurance Company of Hartford ("Property & Casualty"), Nutmeg Insurance Company ("Nutmeg"), and Twin City Fire Insurance Company ("Twin City"). ECF No. 1, at 1. Collectively, the Plaintiffs refer to themselves as "The Hartford." *Id.* Each maintains their principal place of business in Connecticut. *Id.* at 1-2. Defendant has its principal place of business in Maryland. *Id.* at 2.

Defendant sought insurance coverage from Plaintiffs for business operations, who later issued the following four policies:

- Policy 1: workers compensation insurance covering the period from December 1, 2020, through December 1, 2021. *Id.*

- Policy 2: workers compensation insurance covering the period from December 1, 2021, through December 1, 2022.[1] *Id.*

- Policy 3: business liability insurance covering the period from December 1, 2020, through December 1, 2021. *Id.*

- Policy 4: business liability insurance covering the period from December 1, 2021, through December 1, 2022.[2] *Id.*

Each policy required Defendant to pay premiums "based on a number of factors including Defendant's gross receipts, estimated payroll, number of employees and applicable employee classification codes." *Id.* Although Plaintiffs provided an initial estimate detailing the expected price of premiums, each policy expressly stated that premiums were "subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the Policy period." *Id.*

After Plaintiffs audited Defendant's books and records for 2020 and 2021, they determined that Defendant owed an additional $50,686.00 in premiums for Policy 1,[3] and an additional $13,868.57 in premiums for Policy 3. *Id.* at 2-3. Defendant did not pay this difference. *Id.* at 3. When Plaintiffs sought to conduct an audit for Policies 2 and 4 for 2021 and 2022, Defendant

---

[1] This policy was cancelled and replaced on September 20, 2022. ECF No. 1, at 2.
[2] This policy was cancelled and replaced on September 16, 2022. ECF No.1, at 2.
[3] Plaintiffs' Complaint requests $50,668.00 for Policy 1. ECF No. 1, at 2. However, the supporting documentation states that Defendant owed $50,686.00 for Policy 1, which accords with the total requested amount of $126,619.22. ECF No. 1-2, at 3.

"refused to supply the necessary information." *Id.* at 3. Accordingly, Plaintiffs conducted an "estimated audit" for Policy 2 and Policy 4, and determined Defendant owed an additional $18,224.25 on Policy 2 and $43,840.40 on Policy 4. *Id.* Plaintiffs sent Defendant a demand letter requesting payment and included a detailed breakdown of Defendant's payment history and outstanding premium charges. ECF No. 1-2. However, Defendant still has not paid the adjusted premium amounts. ECF No. 1, at 3. In total, Defendant owes $126,619.22 in unpaid premiums stemming from all four policies. *Id.*

Plaintiffs brought the present lawsuit on October 9, 2024, raising three claims: breach of contract, account stated, and unjust enrichment. *Id.* at 3-4. They seek to recover the $126,619.22 in unpaid premiums, as well as pre- and post-judgment interest, and attorney's fees and costs. *Id.* at 5.

On October 10, 2024, a Summons was issued to Defendant. ECF No. 7. Three weeks later, the Court issued an Order directing Plaintiffs to show cause for failure to comply with its Standing Order. ECF No. 8. Shortly thereafter, Plaintiffs came into compliance and the Court vacated the Show Cause Order. ECF Nos. 10, 11, 12. On December 27, 2024, Plaintiffs moved for a Clerk's Entry of Default against Defendant. ECF No. 14. Plaintiffs attached to their Motion a Return of Service indicating that the Summons, Complaint, and attachments had been personally served on Defendant by a process server on November 12, 2024. ECF No. 14-2. The Clerk subsequently entered an Order of Default against Defendant, ECF No. 15. Notice of the Clerk's Order was issued to Defendant. ECF No. 16.

On February 7, 2025, Plaintiffs moved for Default Judgment against Defendants in the amount of $126,619.22. ECF No. 17. Despite the Clerk's Entry of Default, Defendant has not appeared or taken any action in the case.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is left to the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper where a defendant is unresponsive. *See Parl Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one related to the amount of damages—is admitted if a responsive

4

pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *2-3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC 10-2962, 2011 WL 5149832, at *2-3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544-45 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544–45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

## ANALYSIS

### I. Jurisdiction

The Court must first assure itself that it has subject-matter jurisdiction over the claim. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists.").

The Court may preside over Plaintiffs' claims pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a). There is complete diversity of the parties because Plaintiffs and Defendant are citizens of different states; Defendant is a citizen of Maryland and Plaintiffs are not.[4] ECF No. 1, at 1-2. Further, the amount in controversy exceeds the $75,000 requirement. *Id.* at 5 (requesting $126,619.22 in addition to pre- and post-judgment interest).

## II.    Liability

Plaintiffs sufficiently allege claims for breach of contract and for account stated. However, their "claim of unjust enrichment, which is a quasi-contract claim, may not be brought [because] the subject matter of the claim is covered by an express contract between the parties." *PNC Bank v. Chatani*, No. WDQ-13-1202, 2013 WL 4541486, at *2 (D. Md. Aug. 23, 2013) (quoting *Janusz v. Gilliam*, 947 A.2d 560, 567 (Md. 2008)). Because Plaintiffs' claim is premised on the same transaction supporting its breach of contract claim, it may not also prevail on its claim for unjust enrichment. *See id.* Accordingly, the Court will grant default judgment on breach of contract and account stated but deny it for unjust enrichment.

### A. Breach of Contract

"To establish breach of contract under Maryland law, a plaintiff must demonstrate a contractual obligation, breach, and damages." *PNC Bank*, 2013 WL 4541486, at *2 (citing *Kumar*

---

[4] A corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). All Plaintiffs are citizens of Connecticut, because they have their principal place of business in that state. ECF No. 1, at 1-2. Defendant is a citizen of Maryland for the same reason. *Id.* The Complaint does not specify where any of the parties are incorporated; rather, it states Plaintiffs are "from" Indiana and Connecticut and that Defendant is "from" Maryland without further detail. *Id.* However, nothing in the Complaint suggests overlap in citizenship between Plaintiffs and Defendant. *See generally* ECF No. 1. Accordingly, there is complete diversity between the parties.

*v. Dhanda*, 17 A.3d 744, 749-50 (Md. 2011)).[5] The contractual obligation must be explained with "certainty and definiteness." *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010). "A contract exists where there is 'mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'" *Hartford Fin. Servs. Grp., Inc. v. Carl J. Meil Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *4 (D. Md. May 5, 2011) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)).

Plaintiffs establish breach of contract. Plaintiffs issued four insurance policies to Defendant—two related to workers' compensation and two related to business liability—that constitute actionable contracts. ECF No. 1, at 2. There was mutual assent because Plaintiffs issued the policies upon Defendant's request. *Id.* The terms are sufficiently specific for purposes of this case; Plaintiffs agreed to provide insurance coverage and Defendant agreed to pay certain premiums subject to alteration upon further review of its books. *Id.* at 2-3. The same constitutes consideration. *See CTI/DC, Inc.*, 392 F.3d at 123. Defendant breached the contract when it failed to pay the additional premiums. As a result, Plaintiffs suffered damages in the absence of their owed premiums. *See Frosted Apple, LLC v. Coastal Lab'ys, Inc.*, No. JKB-22-1128, 2024 WL

---

[5] Plaintiffs do not clarify which jurisdiction's law applies to their claims. When a court exercises diversity jurisdiction, it "must follow the choice of law rules of the state where the action is filed to determine which state's substantive law to apply." *RaceRedi Motorsports, LLC v. Dart Mach., Ltd.*, 640 F. Supp. 2d 660, 665 (D. Md. 2009) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941)). "Maryland applies the law of the state in which the contract was formed . . . unless the parties to the contract agreed to be bound by the law of another state." *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 961 (D. Md. 2019). "[B]ecause it appears that the contract was formed in Maryland"—due to the policy being created upon the request of Defendant, a Maryland corporation—and the Complaint does not mention any choice of law provision, the Court applies Maryland law. *Id.*; ECF No. 1, at 2.

4839155, at *3-4 (D. Md. Nov. 20, 2024) (finding breach where a defendant failed to pay "the required amount" owed pursuant to a contract made with a plaintiff).

### B. Account Stated

Under Maryland law, "[a]n account stated is an agreement between the parties who have had previous transactions of a monetary character that all the items of the account representing such transaction, and the balance struck, are correct, together with a promise, express or implied, for the payment of such a balance."[6] *AToN Ctr., Inc. v. CareFirst of Md., Inc.*, No. DKC-20-3170, 2021 WL 5909101, at *4 (D. Md. Dec. 14, 2021) (quoting *Kratos Def. & Rocket Support Servs. Inc. v. VOR Tech.*, No. SAG-18-3373, 2020 WL 1873932, at *6 (D. Md. Apr. 15, 2020)). To state such a claim, a plaintiff must show

> (i) [a] previous transaction(s) between the parties giving rise to the indebtedness from one to the other; (ii) a rendition of an account to the party sought to be charged reciting the amount of the present existing debt owed by one party to the other; and (iii) a promise, express or implied, to pay this balance.

*Kratos Def. & Rocket Support Servs., Inc.*, 2020 WL 1873932, at *6 (quoting *Wathen v. Pearce*, 3 A.2d 486, 491 (Md. 1939)). An implied promise to pay the balance "can be proved by 'a failure within a reasonable time to object to the correctness of a stated sum.'" *Id.* (quoting *Balt. Cnty. v. Archway Motors, Inc.*, 166 Md. App. 158, 166 (1977)).

Plaintiffs' Complaint satisfies each element. Plaintiffs and Defendant entered into a contract pursuant to which Defendant agreed to pay certain premiums that could be adjusted pursuant to a later audit. ECF No. 1, at 2. When Plaintiffs determined that Defendant owed

---

[6] The claim for account stated arises out of the same contract formed in Maryland; accordingly, Maryland law applies to this claim too. *See Aerotek, Inc. v. KES Energy Sols., LLC*, No. TDC-22-2191, 2023 WL 6211736, at *3-4 (D. Md. Sept. 22, 2023) (applying Maryland law for account stated to a contract created in Maryland).

additional premiums, Defendant did not pay, creating a debt between the parties. *Id.* at 2-3. Plaintiffs then sent Defendant a demand letter "with a billing breakdown" for the policies, laying out the exact amount owed. *Id.* at 3; ECF No. 1-2. By failing to object to the demand letter, Defendant made an implied promise to pay the balance. *See* ECF No. 1, at 3. Accordingly, Defendant is liable for account stated.

### III. Damages

"[U]pon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Pandora Jewelry, LLC v. Anna's of Lakeland, LLC*, No. JRR-24-1303, 2024 WL 4284686, at *4 (D. Md. Sept. 25, 2024) (quoting *Hanover Ins. Co. v. Persaud Cos., Inc.*, No. GJH-13-472, 2015 WL 4496448, at *3 (D. Md. July 22, 2015)). Accordingly, "the Court must make an independent determination regarding damages allegations," either by "conduct[ing] an evidentiary hearing" or by examining the evidence in the record. *Id.* Documentary evidence, including billing records or invoices, can meet this standard. *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010); *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 691 (D. Md. 2024) (concluding that an invoice detailing unpaid charges sufficiently supported the damages total).

The June 20, 2024, demand letter attached to Plaintiffs' Complaint provides sufficient evidence to support the amount of damages claimed. The document establishes that Defendant owes an additional $50,686.00 in premiums for Policy 1, $13,868.57 for Policy 3, $18,224.25 on Policy 2, and $43,840.40 on Policy 4. *Id.* Defendant has not paid any amount; accordingly, it owes the total sum of $126,619.22. "Because the documentary evidence is consistent within itself

and with the amount sought in the . . . complaint, the record supports [Plaintiffs'] request for . . . compensatory damages." *Concentric Methods, LLC v. Cillian Techs., LLC*, No. DKC-11-1130, 2011 WL 6180143, at *2 (D. Md. Dec. 12, 2011).

Turning to the issue of interest, Plaintiffs have not carried their burden. The Complaint and Motion do not specify the basis for interest, the applicable rate, or the relevant date by which pre-judgment interest should be applied. Additionally, "an award of post-judgment interest need not be specifically granted because a plaintiff is entitled to recover such interest by operation of law." *Id.* (citing 28 U.S.C. § 1961(a)). The Court declines to award such relief at this time but grants Plaintiffs leave to file supplementary briefing on this topic if they so choose.[7] *See Iraola Grp. Inv. v. TIMD-20, LLC.*, No. GJH-21-820, 2022 WL 4448860, at *6 (D. Md. Sept. 23, 2022).

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Default Judgment, ECF No. 17, shall be granted, in part, and denied, in part.

So ordered.

Date: April 3, 2025

                                                         /s/
                                          Ajmel A. Quereshi
                                          U.S. Magistrate Judge

---

[7] Plaintiffs also request attorney's fees and costs in their Complaint, but do not mention such relief in their Motion for Default Judgment.